UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br> *Plaintiff*,<br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, JULIE A. SU, in her Official Capacity as United States Secretary of Labor, THE WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR, and JESSICA LOOMAN, in her Official Capacity as Administrator of the Wage and Hour Division,<br> *Defendants*. | CIVIL ACTION NO. 4:24-CV-00499 |

**STATE OF TEXAS'S ADVISORY TO THE COURT REGARDING ITS POSITION ON CONSOLIDATION AND BRIEFING SCHEDULE**

  The State of Texas commenced this lawsuit on Monday, June 3, 2024, and filed a Motion for Temporary Restraining Order and/or Preliminary Injunction shortly thereafter. Its initial filing designated *Plano Chamber of Commerce v. Su*, Civil Action No. 4:24-cv-468 (May 22, 2024) as a related case since it too challenged the Department of Labor's new overtime rule and was filed in the same judicial division. On June 4, 2024, this case was transferred to the Honorable Sean D. Jordan—the same district court judge assigned to *Plano Chamber of Commerce*. Following the transfer, the Court invited the Parties to submit an advisory, not to exceed three pages, concerning their positions on (1) consolidation and (2) the proposed briefing schedule for Texas's request for injunctive relief. Texas submits the following in response:

### CONSOLIDATION

  Texas is unopposed to having this action consolidated with *Plano Chamber of Commerce*.

Courts generally consider five factors to determine whether consolidation of cases is appropriate. *See Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024). The two lawsuits satisfy all five.

*First*, both actions were filed in the Sherman Division within a few weeks of each other and are now assigned to the same judge. *Second*, both actions name the same three defendants. *Third*, both actions contend that the Department of Labor's new overtime rule is in excess of statutory authority and is arbitrary and capricious in violation of the ADA. Although Texas brings additional claims, many of these, Texas acknowledges, are potentially foreclosed by existing case law. Texas raises them in its complaint to preserve them for appeal; the claims therefore should not affect proceedings at the trial court. *Fourth*, there is little risk of prejudice or confusion. The two actions are both at the very early stages of litigation. Consolidation therefore is unlikely to delay or interfere with the proceedings. *Fifth*, to the contrary, consolidation would help the Parties and the Court avoid unnecessary repetition and complexity, as both cases would be on the same schedule.

Indeed, Texas notes that in 2016, Texas and the Plano Chamber of Commerce filed two separate lawsuits challenging a substantially similar overtime rule that was ultimately struck down by this Court. The two actions were consolidated even though, as here, only the state defendants filed a motion for preliminary injunctive relief. *See Nevada v. Dept. of Labor*, 4:16-cv-00731, Dkt. No. 11 (E.D. Tex. Oct. 19, 2016) The consolidation resulted in significant conservation of judicial resources. Texas believes that consolidation in this instance would be equally successful.

## **BRIEFING SCHEDULE**

Because of the speed in which Texas seeks interim injunctive relief, Texas contacted

relevant counsel at the Department of Justice to inform them of the lawsuit and relay them copies of Texas's pleading. In the course of these communications, the Department of Justice proposed a briefing schedule that set Defendants' opposition to Texas's request for preliminary relief on June 17 and Plaintiffs' reply, if any, on June 21, 2024. Texas deemed the dates reasonable and filed the proposed briefing schedule on behalf of all Parties.

Texas continues to maintain that the Court should adopt the proposed briefing schedule. Not only does it have the support of all parties implicated by Texas's motion, but it also grants both Plaintiff and Defendants reasonable opportunity to draft substantive responses, while reserving time for this Court to digest the briefing, schedule a hearing if it so chooses, and rule on the request for injunctive relief before the regulations come into effect on July 1, 2024. *See* 89 Fed. Reg. 32842 (stipulating effective date).

Dated: June 7, 2024

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted,

*s/ Kathleen T. Hunker*
**KATHLEEN T. HUNKER**
Special Counsel
Tex. State Bar No. 24118415

**SUSANNA DOKUPIL**
Special Counsel
Tex. State Bar No. 24034419

**GARRETT GREENE**
Special Counsel
Tex. State Bar No. 24096217

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Kathleen.Hunker@oag.texas.gov
Susanna.Dokupil@oag.texas.gov
Garrett.greene@oag.texas.gov
Munera.Al-fuhaid@oag.texas.gov

**COUNSEL FOR PLAINTIFF STATE OF TEXAS**