# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| U.S. DEPARTMENT OF LABOR, et al., | § § | Civil Action No. 4:24-cv-499 |
| Defendants. | § § § § | |

**OPPOSED MOTION BY PLANO CHAMBER OF COMMERCE *ET AL*. FOR LEAVE TO FILE BRIEF *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND/OR TO POSTPONE THE EFFECTIVE DATE OF THE 2024 RULE**

*/s/ Robert F. Friedman*
Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
(214) 880-8101 (Fax)
rfriedman@littler.com

Maurice Baskin
James A. Paretti, Jr.
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com

*Counsel for Amici Curiae*

**OPPOSED MOTION**

*Amici Curiae*, a broad coalition of Texas and national trade associations and businesses, (hereafter the "Business *Amici*"),[1] hereby submit this opposed motion for leave to file a brief *amici curiae* in support of Plaintiff State of Texas's ("Texas") Motion for Temporary Restraining Order and/or Preliminary Injunction and/or to Postpone the Effective Date of the 2024 Rule, ECF No. 2.[2]

Texas has filed suit challenging a rule issued by the U.S. Department of Labor ("DOL") that would dramatically—and unlawfully—raise the minimum salary required for executive, administrative, or professional ("EAP") employees to be classified as exempt from overtime pay under the Fair Labor Standards Act ("FLSA"). *See* "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees," 89 Fed. Reg. 32842 (April 26, 2024) (the "2024 Overtime Rule" or "2024 Rule").

The Business *Amici* have filed their own suit in this Court, *Plano Chamber of Commerce et al. v. Su*, Case No. 4:24-cv-468, also seeking to enjoin and vacate the DOL's unlawful rule. While the two cases have not yet been consolidated, the Business *Amici* seek to provide additional support for Texas's motion for temporary restraining order, sharing their unique perspective regarding the nationwide impact of the unlawful 2024 Rule on the business community. Granting a temporary stay of the effective date of the challenged rule will allow the status quo to be

---

[1] The Business *Amici,* as identified in their complaint, are as follows: Plano Chamber of Commerce, American Hotel and Lodging Association, Associated Builders and Contractors, International Franchise Association, National Association of Convenience Stores, National Association of Home Builders, National Association of Wholesaler-Distributors, National Federation of Independent Business, Inc., National Retail Federation, Restaurant Law Center, Texas Restaurant Association, Cooper General Contractors, and DASE Blinds. *See Plano Chamber of Commerce*, No. 4:24-cv-468, ECF No. 1.

[2] Defendants oppose this motion. Texas has consented to it.

2

preserved while the cases are jointly decided on expedited cross-motions for summary judgment.

Many of the Business *Amici* were plaintiffs in the successful challenge of a similar regulation (the "2016 Overtime Rule" or "2016 Rule") which likewise attempted to dramatically raise the EAP threshold. *See State of Nevada et al. v. U.S. Dep't of Labor*, 218 F. Supp. 3d 520 (E.D. Tex. 2016) *(Nevada I)*; 275 F. Supp. 3d 795 (E.D. Tex. 2017) (*Nevada II*). The Business *Amici* include national, state, and local trade associations representing thousands of businesses employing millions of employees across the country, together with local individual businesses whose principal places of business are located in this District. Collectively and individually, the Business *Amici* employ many workers who are currently exempt under the established salary threshold, but whose exempt status will be jeopardized under the 2024 Rule.

On June 5, 2024, the Court informed the parties that it anticipated consolidating this case with the related case brought by the Business *Amici*, and at that time asked Texas, DOL, and the Business *Amici* to advise the Court of their positions as to consolidation and the briefing and hearing schedule the Court proposed to adopt. *See* ECF No. 9; *Plano Chamber of Commerce et al. v. Su*, Civ. A. No. 4:24-cv-468, ECF No. 7. On June 7, 2024, four days after Texas filed its motion for injunctive relief, the Business *Amici* advised the Court that they supported consolidation of the cases and the schedule the Court proposed, and they timely requested the opportunity to file a brief in support of Texas's motion within the established time frame the Court set out. *See Plano Chamber of Commerce*, ECF No. 8. Insofar as the Court has not ruled in response to the Business *Amici's* Advisory, the *Plano* plaintiffs now seek leave as Business *Amici* to file the brief they previously informed the Court they would seek to file as parties had the cases been consolidated.

"The extent to which the court permits or denies amicus briefing lies solely within the court's discretion." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D.

3

Tex. 2007), *aff'd sub nom U.S. ex rel Gudur v. Deloitte & Touche,* No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008); *see also Lefebure v. D'Aquilla*, 15 4th 670, 676 (5th Cir. 2021) ("[W]e would be 'well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.'"), quoting *Neonatology Associates, P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

The Business *Amici* respectfully submit that their proposed brief will be helpful to the court in resolving the pending motion for injunctive relief, insofar as many of the *amici* are trade associations representing a vast range of large and small businesses who are subject to the 2024 Rule. The Business *Amici* thus can speak to the irreparable harm the 2024 Rule will impose on employers in the private sector in the absence of immediate injunctive relief. Indeed, if leave is granted by the Court, Business *Amici*'s brief will be the only brief in the case to date advocating for the interests of private-sector employers subject to the 2024 Rule. *See Neonatology Assocs.,* 293 F.3d at 132 (*amicus* briefs which explain the impact of a decision on an industry or other group may assist the court in resolution of the issue).

DOL opposes the Business *Amici's* motion for leave on the ground of purported untimeliness under FRAP 29, because the brief is not being filed within one week after Texas filed its motion.[3] But a motion for TRO does not constitute a "principal brief" as that term is used FRAP 29. See FRAP 28, 28.1, and 32, indicating that a "principal brief" is one which is required to be filed by the Appellant or Petitioner at a date and in a format specified in those rules. Therefore, the "one week" rule referred to in FRAP 29 has no application here. In any event, FRAP 29 (a)(6)

---

[3] Though not bound by FRAP 29, district courts in this circuit generally look to the rule for guidance in considering requests to file *amicus* briefs. *Gudur, supra*, 512 F. Supp. 2d at 927.

4

expressly provides that a court may provide for later filing of an *amicus* brief in its discretion.

The Court should exercise its discretion in favor of the Business Amici's filing here, in light of the unusual circumstances of this case. These circumstances include the two closely filed cases; the Business *Amici*'s prior timely notification to the Court that they were seeking to file a brief in support of Texas's motion and/or to participate in briefing as a consolidated case; and the Business *Amici's* unique perspective on the nationwide impact of the 2024 Rule. *See Plano Chamber of Commerce*, ECF No. 8. The Business *Amici* note that granting them leave to file will cause no delay of proceedings, insofar as, if leave is granted, their brief will be filed before the close of the briefing schedule previously established by the Court.

## **CONCLUSION**

For these reasons, the Business *Amici* respectfully ask the Court to grant them leave to file a brief in support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction and/or to Postpone the Effective Date of the 2024 Rule.

Respectfully submitted,

*/s/ Robert F. Friedman*
Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
(214) 880-8101 (Fax)
rfriedman@littler.com

Maurice Baskin (*pro hac vice* to be filed)
James A. Paretti, Jr. (*pro hac vice* to be filed)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com

*Counsel for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2024, the foregoing Motion for Leave to File Brief *Amici Curiae* was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following counsel for Defendants:

>Brian C. Rosen-Shaud
>U.S. Department of Justice-Civ
>Federal Programs Branch
>1100 L Street NW
>Room 12202
>Washington, D.C. 20530
>(202) 305-7667
>brian.c.rosen-shaud@usdoj.gov
>
>Christine L. Coogle
>U.S. Department of Justice-Civ
>Federal Programs Branch
>1100 L Street NW
>Washington, D.C. 20005
>(202) 880-0282
>christine.l.coogle@usdoj.gov

>>*/s/ Maurice Baskin*
>>Maurice Baskin