IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>        Defendants. | Case No. 4:24-cv-499 |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF**

      Defendants oppose the late motion for leave to file an amicus brief, ECF No. 25, by Plano Chamber of Commerce et al. (the "Business Organizations"). The motion is untimely, and the filing of an amicus brief at this stage would substantially prejudice Defendants. The Business Organizations waited until 18 days after Texas filed its motion for preliminary injunctive relief, four days after Defendants filed their opposition to Texas's motion, and with the hearing scheduled for that motion scheduled for the next business day to seek leave to file an amicus brief. The Court should deny the motion because it is untimely and would prejudice Defendants, and should strike the brief that the Business Organizations filed without leave, ECF No. 26.

      The State of Texas, No. 4:24-cv-468, and the Business Organizations, No. 4:24-cv-499, filed two separate suits in this Court challenging the Department of Labor's rule, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales, and Computer Employees, 89 Fed. Reg. 32,842 (2024) (the "Rule"). After the related cases were assigned to the same judicial officer, the Court entered an order, ECF No. 9, that the parties respond to its tentative plan to consolidate the two cases, among other issues. The Business Organizations advised the Court of their support for consolidation and requested "the opportunity to file a brief

in support of Texas's motion within the established time frame." Advisory, ECF No. 8, *Plano Chamber of Commerce v. Su*, No. 4:24-cv-468. Defendants requested that the Court defer consolidation until after it decided Texas's pending motion for preliminary injunctive relief and noted that "allowing the Business Organizations to submit a brief in support of Texas's motion would . . . prejudice Defendants at this stage." Defs.' Advisory, ECF No. 13. The Court did not consolidate the two related cases, but instead entered a briefing schedule, ECF No. 14, that did not permit the Business Organizations leave to submit an amicus brief, despite their request for one.

District courts often look to Federal Rule of Appellate Procedure 29 to govern amicus filings in the trial court. That rule provides that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). "The concerns of necessity and timeliness which undergird Rule 29 appear no less important in the district court than in the court of appeals." *Equine Guardian Ass'n v. U.S. Army*, No. 2:17-CV-0980, 2019 WL 362598, at *3 (W.D. La. Jan. 28, 2019) (alteration omitted) (quoting *Abu-Jamal v. Horn*, 2000 WL 1100784, at * 5 (E.D. Pa. Aug. 7, 2000)); *see Texas v. United States*, No. 6:21-CV-003, 2021 WL 2172837, at *2 (S.D. Tex. Mar. 5, 2021) (denying late-filed motion for leave to file amicus brief after applying Rule 29).

Allowing the Business Organizations leave to file an amicus brief at this stage would substantially prejudice Defendants. The purpose of the deadline in Rule 29 is to allow "[t]he opposing party [to] have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." Committee Notes on Rules—1998 Amendment, Fed. R. App. P. 29. Defendants have already filed their opposition to Texas's motion and so will have no opportunity to address the Business Organizations' arguments. That a hearing on Texas's motion for preliminary injunctive relief is scheduled for the next business day from today only increases

that prejudice, for Defendants do not have sufficient time to analyze and respond to the proposed amicus brief ahead of that hearing, much less to file a written response.

Moreover, the Business Organizations have an adequate, alternative avenue for submitting their legal arguments about the challenged Rule to the Court: they may file a motion for summary judgment in their own challenge to the Rule. Undersigned counsel has conferred with counsel for the Business Organizations regarding potential expedited summary-judgment briefing on multiple occasions, including as recently as June 14, 2024, and has proposed briefing schedules for the parties' agreement. Particularly where the Business Organizations have elected not to seek preliminary injunctive relief against the Department's Rule in their existing lawsuit, they will not be prejudiced if the Court denies their motion. The Business Organizations also fail to offer any changed circumstances from the time that the Court entered a scheduling order without granting them leave to file the brief in support of Texas that they requested in their advisory to the Court.

The Business Organizations have waived their right to "speak to the irreparable harm the 2024 Rule will impose on employers in the private sector in the absence of immediate injunctive relief," Motion at 4, by not moving for preliminary relief in their challenge to the Rule. The Court should not countenance this end-run around the requirements of Federal Rule of Civil Procedure 65. *Accord* 11A WRIGHT & MILLER § 2948.1 ("[D]elay by plaintiff after learning of the threatened harm . . . may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.").

Due to the prejudice that the government would face, Defendants respectfully request that the Court deny the untimely motion for leave to file an amicus brief and strike the brief filed without leave, ECF No. 26.

Dated: June 21, 2024					Respectfully submitted,

							BRIAN M. BOYNTON
							Principal Deputy Assistant Attorney General

							JULIE STRAUS HARRIS
							Assistant Director, Federal Programs Branch

							/s/ *Brian Rosen-Shaud*
							BRIAN C. ROSEN-SHAUD
							CHRISTINE L. COOGLE
							Trial Attorneys
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							1100 L. Street, NW
							Washington, D.C. 20005
							(202) 305-7667
							brian.c.rosen-shaud@usdoj.gov