IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **STATE OF TEXAS**<br><br>*Plaintiffs,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR, JULIE A. SU, IN HER OFFICIAL CAPACITY AS UNITED STATES SECRETARY OF LABOR, THE WAGE AND HOUR DIVISON OF THE DEPARTMENT OF LABOR AND JESSICA LOOMAN IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE WAGE AND HOUR DIVISON.,**<br><br>*Defendants.* | **CIVIL ACTION NO. 4:24-CV-00499** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants point this Court to *Murthy v. Missouri*, No. 23-411, 2024 WL 3165801 (U.S. June 26, 2024), for the proposition that the Court entering "universal relief" in this matter would be "error." Dkt. 34 at 1. Defendants base this conclusion on language from the opinion reiterating the well-established principle that in traditional actions requesting equitable relief, "plaintiffs must demonstrate standing. . . for each form of relief that they seek." *Id.*[1] But *Murthy* is not an APA case. *See Murthy*, 2024 WL 3165801, at *1 (plaintiffs sued, "alleging that the Government pressured the platforms to censor their speech in violation of the First Amendment"). So *Murthy*

---

[1] *See also Murthy*, 2024 WL 3165801, at *9 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

1

says nothing about the scope of interim relief allowed by the "unique" statutory scheme of the APA. *See* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 950 (2018) ("[T]he [APA] establishes a unique form of judicial review that differs from judicial review of statutes.").

There is no Article III problem with this Court issuing preliminary relief under the APA that benefits non-parties. It is uncontested that Texas has standing to challenge the Final Rule. This Court has express statutory authority to postpone the effective date of the Final Rule. That the *effect* of a § 705[2] stay has nationwide application does not create a standing problem.[3] Indeed, relief under § 705 permits entry of preliminary relief that is not "party-restricted." *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024). Plaintiffs' requested relief is proper because the scope of a stay under § 705 is tracks the scope of ultimate relief under § 706.

Since courts have the final authority to set aside a rule completely under §706, it follows that they have the authority to stay the effective date of a rule to the same extent under §705. Understanding this, the Fifth Circuit recently concluded that "the *scope of preliminary relief* under [§ 705] *aligns with the scope of ultimate relief* under [§ 706]. . . ."). *Career Colleges and Schools of*

---

[2] 5 U.S.C. § 705 (providing that a "reviewing court" may "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."). "Agency action" is defined to include "the *whole*. . . of an agency rule." 5 U.S.C. § 551 (13) (emphasis added).

[3] For example, when the Court "invalidates and severs unconstitutional provisions" from a law, *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2351 (2020) (opinion of Kavanaugh, J.), that decision's effects extend beyond the plaintiff to nonparties. "[T]he formal remedy afforded to the plaintiff is an injunction, declaration, or damages," but "[u]nder the Court's approach, a provision is declared invalid and *cannot be lawfully enforced against others*." *Id.* at 2351 (emphasis added). Standing doctrine poses no obstacle to that relief, even though it shields "others" beyond the plaintiff.

*Texas*, 98 F.4th at 255 (emphasis added). And the "scope" of ultimate relief under § 706 is "'nationwide . . . not party-restricted,'" "and 'affects all persons in all judicial districts equally.'" *Braidwood Mgmt., Inc. v. Becerra*, No. 23-10326, 2024 WL 3079340, at *13 (5th Cir. June 21, 2024) (quoting *In re Clarke*, 94 F.4th 502, 512 (5th Cir. 2024) and *Career Colleges and Schools of Texas*, 98 F.4th at 255)).[4]

Simply put, the scope of preliminary relief under § 705 tracks the scope of the nationwide, non-party-restricted "default" remedy for agency action that violates the APA—vacatur. *Career Colleges and Schools of Texas*, 98 F.4th at 255. National relief also matches the national scope of the unlawful Final Rule's reach. *See Career Colleges and Schools of Texas*, 98 F.4th at 255 ("The Department's protests against nationwide relief are incoherent in light of its use of the Rule to prescribe uniform federal standards."); *cf Missouri v. Jenkins*, 515 U.S. 70, 88, 89, (1995) ("[T]he nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation") (citation and internal quotation marks omitted). Because Texas has shown it is entitled to preliminary relief, this Court should postpone the effective date of the entire Final Rule under § 705.

---

[4] This reading accurately reflects the difference between the APA context—where vacatur of a rule "for everyone" is the normal remedy, *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 52 (D.D.C. 2020) (K.B. Jackson, J.) (citation omitted); *see Career Colleges and Schools of Texas*, 98 F.4th at 255—and non-APA cases involving requests for equitable relief that flow to particular parties, like in *Murthy*, 2024 WL 3165801. *Cf. Griffin v. HM Florida-ORL, LLC*, 144 S. Ct. 1, 1, n.1 (2023) (Kavanaugh, J., concurring in denial of stay) (explaining difference); *see also* Jonathan F. Mitchell, 104 Va. L. Rev., at 950 ("[T]he [APA] establishes a unique form of judicial review that differs from judicial review of statutes.").

3

Date: June 27, 2024

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted.

*/S/KATLEEN T. HUNKER*
**KATHLEEN T. HUNKER**
Special Counsel
Tex. State Bar No. 24118415

**SUSANNA DOKUPIL**
Special Counsel
Tex. State Bar No. 24034419

**GARRETT GREENE**
Special Counsel
Tex. State Bar No. 24096217

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Ryan.Walters@oag.texas.gov
Munera.Al-fuhaid@oag.texas.gov
Garrett.Greene@oag.texas.gov
Susanna.Dokupil@oag.texas.gov
Kathleen.Hunker@oag.texas.gov

**COUNSEL FOR PLAINTIFFS**

4