IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>　　　　Defendants. | Case No. 4:24-cv-499 |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants provide notice of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 602 U.S. __, No. 22-451 (June 28, 2024). *Loper Bright* overruled *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837 (1984), which held that silence or ambiguity in a statute should be regarded as an implicit delegation of authority to an agency. But *Loper Bright* reaffirmed that where, as here, a statute "expressly delegate[s] to an agency the authority to give meaning to a particular statutory term," the "agency is authorized to exercise a degree of discretion." *Id.*, slip op. at 17 (internal quotation marks omitted). Indeed, an example of such an express delegation, the Supreme Court specifically cited section 13(a)(15) of the Fair Labor Standards Act (FLSA). *Id.* at 17 n.5. That provision, like the one at issue here, states that certain statutory terms are to be "defined and delimited by regulations of the Secretary" of Labor. *Id.* (quoting 29 U.S.C. § 213(a)(15)); *compare with* 29 U.S.C. § 213(a)(1). As Defendants' opposition brief explains, the Supreme Court recognized in *Long Island Care at Home, Ltd. v. Coke* that, in directing the Secretary to "define[] and delimit[]" certain terms in the FLSA, Congress had "explicitly le[ft] gaps" for the agency to fill and "expressly instruct[ed] the agency to work out the details of those broad definitions." 551 U.S. 158, 165 (2007) (quoting 29 U.S.C. § 213(a)(15)); *accord* Defs.'

1

Opp'n at 16–17, ECF No. 22. *Loper Bright* reaffirmed that such language constitutes an express delegation to the agency of "the authority to give meaning to a particular term." Slip op. at 17, 26.

*Loper Bright* also casts no doubt on the Fifth Circuit's decision in *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603 (5th Cir. 1966), which predates *Chevron*. As Defendants' opposition explains, the Fifth Circuit held in *Wirtz* that "the Department has the authority to implement a salary-level test," *Nevada v. U.S. Dep't of Labor*, 275 F. Supp. 3d 795 (E.D. Tex. 2017), and "its result was expressly based on fidelity to the statutory text." *Mayfield v. U.S. Dep't of Labor*, No. 1:22-cv-792, 2023 WL 6168251, at *3 (W.D. Tex. Sept. 20, 2023); *see* Defs.' Opp'n at 15. Indeed, the Fifth Circuit in *Wirtz* upheld a minimum salary level that is *higher* in today's dollars than the minimum salary level that will apply on July 1. And, if there remained any doubt, the Supreme Court confirmed today that the holdings of earlier "cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite [the intervening] change in interpretive methodology." *Loper Bright*, slip op. at 34. *Wirtz*'s holding that the Department has the authority to implement a salary level test remains controlling here.

Dated: June 28, 2024                               Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Principal Deputy Assistant Attorney General

                                                   JULIE STRAUS HARRIS
                                                   Assistant Director, Federal Programs Branch

                                                   /s/ *Christine L. Coogle*
                                                   BRIAN C. ROSEN-SHAUD
                                                   CHRISTINE L. COOGLE
                                                   Trial Attorneys
                                                   U.S. Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L. Street NW
                                                   Washington, D.C. 20005

(202) 880-0282
christine.l.coogle@usdoj.gov

Case 4:24-cv-00499-SDJ    Document 37    Filed 06/28/24    Page 3 of 3 PageID #: 436