IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS,<br><br>*Plaintiffs,*<br><br>PLANO CHAMBER OF COMMERCE, *et al.,*<br><br>*Cons. Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, JULIE A. SU, in her Official Capacity as United States Secretary of Labor, THE WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR, and JESSICA LOOMAN, in her Official Capacity as Administrator of the Wage and Hour Division,<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:24-CV-00499-SDJ<br>LEAD CASE<br><br><br><br><br>CIVIL ACTION NO. 4:24-CV-00468-SDJ |

**MOTION FOR LEAVE TO FILE AN AMICUS BRIEF OF ARKANSAS AND 13 OTHER STATES IN SUPPORT OF THE STATE OF TEXAS'S MOTION FOR SUMMARY JUDGMENT**

Proposed Amici are the States of Arkansas, Alabama, Georgia, Idaho, Indiana, Iowa, Louisiana, Mississippi, Montana, Nebraska, Ohio, Oklahoma, South Carolina, and West Virginia. Proposed Amici respectfully move for leave to file an amicus brief in support of the State of Texas in this matter. The parties do not oppose this motion.

**INTEREST OF PROPOSED AMICI CURIAE**

The Department of Labor's new overtime rule increases the minimum salary threshold for qualifying as an exempt executive, administrative or professional employee by more than a third, from $43,888 to $58,656, making what the Department estimates will be three million formerly exempt employees non-exempt. That change disproportionately harms States, which, because of the lower salaries they pay relative to the private sector, pay a disproportionate number

of employees in the salary range affected by the new rule. It would require Amici States to pay higher wages, and, by preventing newly exempted employees from working over 40 hours in a week unless they are paid time-and-a-half, deprive Amici States "of the benefit of the additional labor those employees otherwise would have performed." Doc. 38 at 28.

Amici States also have an interest in the standard of review that the Court applies in this action. In related litigation, the Department has argued that despite the overruling of *Chevron*, its interpretation of the EAP exemption is still owed deference because the FLSA expressly delegates to it the authority to define EAP status. But express authorization to define a term does not mean agencies receive deference on whether their definitions are permissible. A court must first decide de novo if an agency's definition is consistent with the term's ordinary meaning; only if it is do agencies receive deference to their line-drawing choices. Amici States, which are often involved in litigation about federal regulation, have an interest in how express delegations are understood post-*Chevron*.

## ARGUMENT

District courts have broad discretion to allow participation of amici curiae. While this Court does not have specific rules for the filing of amicus briefs, it has "discretion" to allow them. *Trahan v. Long Beach Mortg. Co.*, No. 05-CV-29, 2006 WL 8440677, at *1 n.1 (E.D. Tex. 2006). "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015).

Here, Proposed Amici offer timely and useful information. This brief is submitted with sufficient time for Defendants to respond. *Cf.* Fed. R. App. P. 29 advisory committee note (1998) (explaining that an amicus brief filed shortly after the brief it supports gives the opposing party sufficient time to respond). Proposed Amici's brief will also be "useful" to the Court. *See*

*United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).  The brief explains why the Department's authority to define EAP status does not require deference to its view on whether it has authority to predominantly define that status in terms of salary, and how the Department's new definition harms employers besides Texas.

With these arguments, the Proposed Amici will fulfill the classic role of amici curiae: "assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by [e]nsuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted).

## CONCLUSION

The Court should grant Amici States' motion for leave to file an amicus brief.

Dated:  August 1, 2024                                    Respectfully submitted,

TIM GRIFFIN
  Arkansas Attorney General

NICHOLAS J. BRONNI
  Arkansas Solicitor General

ASHER L. STEINBERG
  Senior Assistant Solicitor General

OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-1051
(501) 682-7395 (fax)
asher.steinberg@arkansasag.gov

*Counsel for Amici States of Arkansas, et al.*

**ADDITIONAL STATES REPRESENTED**

STEVE MARSHALL
Alabama Attorney General

CHRIS CARR
Georgia Attorney General

RAÚL R. LABRADOR
Idaho Attorney General

THEODORE E. ROKITA
Indiana Attorney General

BRENNA BIRD
Iowa Attorney General

LIZ MURRILL
Louisiana Attorney General

LYNN FITCH
Mississippi Attorney General

AUSTIN KNUDSEN
Montana Attorney General

MICHAEL T. HILGERS
Nebraska Attorney General

DAVE YOST
Ohio Attorney General

GENTNER DRUMMOND
Oklahoma Attorney General

ALAN WILSON
South Carolina Attorney General

PATRICK MORRISEY
West Virginia Attorney General

**CERTIFICATE OF CONFERENCE**

I certify that on August 1, 2024, I complied with Local Civil Rule CV-7(h).  I emailed all counsel of record inquiring if there was opposition to our intent to file an amicus brief in support of Plaintiff State of Texas's Motion for Summary Judgment. On the same day, counsel confirmed there was no opposition. Because no party objected, under Local Civil Rule CV-7(h), a "personal conference" by telephone or in-person was not necessary.

/s/  *Asher L. Steinberg*
Asher L. Steinberg

**CERTIFICATE OF SERVICE**

I certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

/s/  *Asher L. Steinberg*
Asher L. Steinberg