**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| STATE OF TEXAS, <br><br> Plaintiff, <br><br> PLANO CHAMBER OF COMMERCE, et al <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, JULIE A. SU, IN HER OFFICIAL CAPACITY AS UNITED STATES SECRETARY OF LABOR, THE WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR AND JESSICA LOOMAN IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE WAGE AND HOUR DIVISION, <br><br> Defendants. | CIVIL ACTION NO. 4:24-CV-00499- SDJ <br> LEAD CASE <br><br><br> CIVIL ACTION NO. 4:24-CV-00468-SDJ |

**UNOPPOSED MOTION OF NATIONAL EMPLOYMENT LAW PROJECT, ECONOMIC POLICY INSTITUTE, NATIONAL WOMEN'S LAW CENTER AND THE SERVICE EMPLOYEES' INTERNATIONAL UNION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPORTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The National Employment Law Project, Economic Policy Institute, National Women's Law Center and the Service Employees' International Union ("proposed amici") respectfully move for leave to file the accompanying amicus curiae brief, filed along with this motion, in support of Defendants' cross-motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment. Proposed amici's counsel have conferred with

counsel for Plaintiffs and with counsel for Defendants, and counsel for all parties have indicated that they do not oppose this motion.

Proposed amici are organizations who represent, serve, and advocate for lower-paid employees working long hours. They seek to file this brief in support of the Department of Labor's Final Rule defining and delimiting the exemptions for executive, administrative and professional (EAP) employees ("The Rule"), which will help clarify and update bright lines for coverage, and address overuse of the exemptions in sectors where long hours and low pay are common. Amici will not repeat arguments made by the parties, but rather seek to elevate and describe the importance to and impacts of the Rule on lower-paid employees working long hours.

This court has broad discretion to permit the filing of relevant amicus briefs. *Edwards v. Oliver*, 2021 WL 11717751, at *1 (N.D. Tex. Mar. 4, 2021) (quoting *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007). Federal Rule of Appellate Procedure ("FRAP") 29 informs this court's discretion. *Id*. Under FRAP 29, an amicus "brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court." Fed. R. App. P. 29, note on 1998 amendment.

Proposed amici believe that their brief will be useful to the Court in evaluating Plaintiffs' challenges; in particular that the Rule is arbitrary and capricious. Movants have deep and longstanding expertise and a strong interest in the Rule. The National Employment Law Project ("NELP"), a Fair Labor Standards Act expert, has for over 55 years advocated for and with workers earning low wages and too often working long hours in jobs that are not "white-collar," and has commented extensively in the public notice-and-comment

periods and in Congress on the impacts and importance of overtime protections for workers, for spreading employment, and for the economy, including commenting on the Final Rule at issue in this challenge. The Economic Policy Institute ("EPI") has done extensive economic and labor market research over decades showing who is covered by the EAP exemptions, the types of and conditions of jobs held by workers swept into the exemptions, and the need for robust bright lines defining the limits of the EAP exemptions. The National Women's Law Center ("NWLC") fights for gender justice — in the courts, in public policy, and in our society — working across the issues that are central to the lives of women and girls. Since its founding in 1972, NWLC has worked to advance workplace justice, income security, educational opportunities, and health and reproductive rights for women and girls and has participated as counsel or amicus curiae in a range of cases in the U.S. Supreme Court and the lower courts. NWLC's comments on the proposed Rule elevated important impacts of overtime coverage for women and workers of color. The Service Employees International Union ("SEIU") is a labor union representing approximately two million working people employed across the United States, Puerto Rico, and Canada in the healthcare, janitorial, security, airport, and fast food industries, and in the public sector. Its members have a direct stake in the outcome of this case. SEIU has significant familiarity with U.S. employment and labor laws and a strong interest in ensuring they are interpreted correctly.

On behalf of the workers they represent, proposed amici can bring to the court's attention data and information that is distinct from that provided by Plaintiffs and by Defendants. In particular, the proposed brief filed with this motion provides detailed analysis and examples of overtime coverage, by job and demographics, and of the working conditions experienced by employees in the EAP exemptions where long hours accompany

3

low pay and non-existent "white collar" authority. The Department of Labor considered information of this type in finalizing the Rule.

## CONCLUSION

For the foregoing reasons, proposed amici respectfully request that the Court grant leave to file their proposed brief.

Dated: August 15, 2024

Respectfully submitted,

/s/Catherine Ruckelshaus
Catherine Ruckelshaus
N.Y. Bar No. 890630

National Employment Law Project
90 Broad Street, Ste. 1100
New York, NY 10004
212-285-3025
cruckelshaus@nelp.org

Counsel for amici curiae

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on August 13 and 14, 2024 counsel for Defendants indicated via email that they do not oppose this motion, and that on August 14, 2024, counsel for Plaintiffs indicated via email that they do not oppose this motion.

/s/Catherine Ruckelshaus

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Catherine Ruckelshaus