UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS,** *Plaintiff*, | § § § § | C IVIL A CTION N O. 4:24- CV -00499-SDJ **LEAD CASE** |
| **PLANO CHAMBER OF COMMERENCE,** *et al.*, *Plaintiffs*, v. **UNITED STATES DEPARTMENT OF LABOR, JULIE A. SU,** in her Official Capacity as United States Secretary of Labor, **THE WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR,** and **JESSICA LOOMAN,** in her Official Capacity as Administrator of the Wage and Hour Division, *Defendants.* | § § § § § § § § § § § § § § § | C IVIL A CTION N O. 4:24- CV -00468-SDJ |

**TEXAS'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write to provide notice to this Court of the recently issued decision in *Mayfield v. U.S. Dept. of Lab*., No. 23-50724, 2024 WL 4142760 (5th Cir. Sept. 11, 2024). There, the Court found that setting a minimum salary level for the EAP Exemption is "within DOL's power to define and delimit the terms of the Exemption" and that—despite "reasonable concerns" this power is guided by an intelligible principle. *Id*. at *6. *Contra* Dkt. 48 at 16–18; Dkt. 66 at 6–11. In other words, DOL's power to define and delimit the EAP Exemption includes the power to add the "additional characteristic" of a salary level since "salary *may* be a reasonable proxy" for an EAP employees' status or level. *Mayfield*, 2024 WL 4142760, at *5 (emphasis added). That said, the Court affirmed that this authority is not "unbounded." *Mayfield*, 2024 WL 4142760, at *5. To that end, the Court went out of its way to note that while salary "may" be a reasonable proxy for EAP duties, it will not

"always be a permissible exercise of the power to define and delimit." *Id*. The Court gave an example of what an impermissible exercise of DOL's authority to define and delimit via a proxy characteristic (like salary level) would look like:

> If the proxy characteristic frequently yields different results than the characteristic Congress initially chose, then use of the proxy is not so much defining and delimiting the original statutory terms as replacing them.

*Id*. The 2024 Rule's increase to the salary level sets the salary floor so high that it removes salary from its role as a proxy in identifying non-exempt employees. Dkt.48 at 12–16. Indeed, 4.8 million workers employed in executive, administrative, and professional capacities, will lose their EAP exemption once the new overtime rule takes effect *solely* because of the compensation they receive—including one million workers under the July 1 increase. Dkt. 48 at 2; 89 Fed. Reg. 32843. A salary threshold that deprives employees of the EAP Exemption when they otherwise meet the FLSA's duties test serves to swallow the "original statutory terms" of the statute. *Mayfield*, 2024 WL 4142760, at *5; 29 U.S.C. § 213(a)(1) (mandating that "*any employee*" who works in an EAP capacity must be exempt from overtime) (emphasis added). The same can be said for the automatic updating mechanism. Since the July 1 and January 1 increases to the salary-level test run afoul of the FLSA, then the 2024 Overtime Rule's automatic updating mechanism falls by default since its only function would be to implement an illegal requirement. Beyond that, the plain terms of 29 U.S.C. § 213(a)(1) authorize DOL to "define[] and delimit[]" the meaning of the "executive, administrative, or professional" categories "*from time to time by regulations*" (emphasis added). This language does not permit DOL to set its discretion to 'define and delimit' the EAP Exemption on autopilot, with no obligation to revisit the methodology. Dkt. 48 at 19–20; Dkt. 66 at 16–18.

While salary may serve as a reasonable proxy for determining an EAP employee's status, it remains a *proxy*. As even DOL has acknowledged, salary cannot be the *only* reason an employee fits within the Exemptions. *See* 84 Fed. Reg. at 51238. Yet the salary levels imposed in the 2024 Rule make the proxy the principal. These thresholds go outside the boundaries of Congress's delegated

authority by replacing the FLSA's focus on whether an employee performs bona fide EAP duties with a de facto salary only test.

Date: September 12, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

*/s/KATHLEEN T. HUNKER*
**KATHLEEN T. HUNKER**
Special Counsel
Tex. State Bar No. 24118415

**GARRETT GREENE**
Special Counsel
Tex. State Bar No. 24096217

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Kathleen.Hunker@oag.texas.gov
Garrett.Greene@oag.texas.gov
Munera.Al-fuhaid@oag.texas.gov

**COUNSEL FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 12, 2024 and that all counsel of record were served by CM/ECF.

*/s/ Kathleen T. Hunker*
Kathleen T. Hunker