

**Littler Mendelson, P.C.**
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006

September 12, 2024

**VIA E-FILE**

United States District Clerk
Eastern District, Sherman Division
101 East Pecan Street
Sherman, TX 75097

RE: *State of Texas et al. v. U.S. Department of Labor*
USDC Civil No. 4:24-CV-499
*Mayfield v. U.S. Department of Labor*, No. 23-50724 (5th Cir. Sept. 11, 2024)
**Notice of Supplemental Authority**

To the Clerk:

Plaintiffs Plano Chamber of Commerce, *et al.* call the Court's attention to the Fifth Circuit's decision issued yesterday in *Mayfield et al. v. U.S. DOL*, --- F.4th ---, No. 23-50724 (5th Cir. Sept. 11, 2024), attached hereto.

In *Mayfield*, the Fifth Circuit held that it was consistent with DOL's statutory authority under the FLSA to include consideration of salary in determining whether an employee is exempt pursuant to the FLSA's "executive, administrative, or professional" (EAP) exemption when salary "connote[s] a particular status or level for which salary may be a reasonable proxy." Slip. Op at 9. The Court then expressly noted that this authority is "not unbounded. A characteristic with no rational relationship to the text and structure of the statute would raise serious questions." "If the proxy characteristic frequently yields different results than the characteristic Congress initially chose, then use of the proxy is not so much defining and delimiting the original statutory terms as replacing them." *Id.* at 10.

*Mayfair* supports Business Plaintiffs' argument that the 2024 Overtime Rule exceeds DOL's statutory authority. As set forth in our briefing, *see* Reply, ECF No. 65 at 4-5, and as this Court has already recognized, the fact that DOL may include salary as a component of the EAP exemption "when appropriately set" does not "bless *any and all* salary thresholds adopted by the Department." ECF No. 38 at 20-21 (emphasis in original). As this Court correctly determined, Congress intended the EAP exemption to "turn[] on consideration of an employee's duties, not her salary." Consistent with *Mayfair*, the thresholds contained in the 2024 Rule should be found unlawful insofar as they "effectively eliminate" consideration of employees' duties. *Id.* at 20, 25. *Accord Nevada v. U.S. DOL*, 275 F. Supp.3d 795, 805 & n.5 (E.D. Tex. 2017) (that DOL may have general authority to consider salary in test for exemption does not give it authority to adopt threshold that effectively bases exemption on salary alone).

For these reasons, and those set forth in Business Plaintiffs' briefing, this Court should vacate the 2024 Rule and enjoin its enforcement on a nationwide basis.

Sincerely,

*/s/ Robert F. Friedman*
Robert F. Friedman
Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON, P.C.

Counsel for Business Plaintiffs