# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT
## SHERMAN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | Civil Action No. 4:24-cv-499-SDJ |
| | § | LEAD CASE |
| Plaintiff, | § | |
| | § | |
| PLANO CHAMBER OF | § | Civil Action No. 4:24-cv-468-SDJ |
| COMMERCE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF LABOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### BUSINESS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Plano Chamber of Commerce, *et al.* call the Court's attention to the Fifth Circuit's decision issued recently in *Mayfield et al. v. U.S. DOL*, --- F.4th ---, No. 23-50724 (5th Cir. Sept. 11, 2024), attached hereto.

In *Mayfield*, the Fifth Circuit held that it was consistent with DOL's statutory authority under the FLSA to include consideration of salary in determining whether an employee is exempt pursuant to the FLSA's "executive, administrative, or professional" (EAP) exemption when salary "connote[s] a particular status or level for which salary may be a reasonable proxy." Slip. Op at 9. The Court then expressly noted that this authority is "not unbounded. A characteristic with no rational relationship to the text and structure of the statute would raise serious questions." "If the proxy characteristic frequently yields different results than the characteristic Congress initially

1

chose, then use of the proxy is not so much defining and delimiting the original statutory terms as replacing them." *Id.* at 10.

*Mayfair* supports Business Plaintiffs' argument that the 2024 Overtime Rule exceeds DOL's statutory authority. As set forth in our briefing, *see* Reply, ECF No. 65 at 4-5, and as this Court has already recognized, the fact that DOL may include salary as a component of the EAP exemption "when appropriately set" does not "bless *any and all* salary thresholds adopted by the Department." ECF No. 38 at 20-21 (emphasis in original). As this Court correctly determined, Congress intended the EAP exemption to "turn[] on consideration of an employee's duties, not her salary." Consistent with *Mayfair*, the thresholds contained in the 2024 Rule should be found unlawful insofar as they "effectively eliminate" consideration of employees' duties. *Id.* at 20, 25. *Accord Nevada v. U.S. DOL*, 275 F. Supp.3d 795, 805 & n.5 (E.D. Tex. 2017) (that DOL may have general authority to consider salary in test for exemption does not give it authority to adopt threshold that effectively bases exemption on salary alone).

For these reasons, and those set forth in Business Plaintiffs' briefing, this Court should vacate the 2024 Rule and enjoin its enforcement on a nationwide basis.

Dated: September 13, 2024                    Respectfully submitted,

*/s/ Robert F. Friedman*
Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
rfriedman@littler.com

Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com
jparetti@littler.com

*Counsel for Business Plaintiffs*

Angelo I. Amador (*pro hac vice*)
Restaurant Law Center
2055 L Street, NW, Suite 700
Washington, DC 20036
(202) 331-5913

*Counsel for Business Plaintiff*
*Restaurant Law Center*